1

BRANDY T. CODY, State Bar No. 196923
Email: bcody@fisherphillips.com

2

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040

3

Portland, OR 97204
Telephone (503) 242-4262

4

Facsimile (503) 242-4263

5

CHRISTOPHER M. AHEARN, SBN 239089

6

E-Mail cahearn@fisherphillips.com
FISHER & PHILLIPS LLP

7

2050 Main Street, Suite 1000
Irvine, California 92614

8

Telephone: (949) 851-2424
Facsimile: (949) 851-0152

9

Attorneys for Defendant

10

FEDEX GROUND PACKAGE SYSTEM, INC.

11

UNITED STATES DISTRICT COURT

12

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO COURTHOUSE

13

14

LANEE' WHITE,

15

Plaintiff,

16

v.

17

FEDEX GROUND PACKAGE SYSTEM,
INC., a Delaware corporation; and DOES 1

18

through 50, inclusive,

19

Defendant.

20

21

22

23

24

25

26

27

28

Case No:

[*Previously San Joaquin Superior Court Case
Number STK-CV-UOE-2020-4646; Assigned to
the Hon. George J. Abdallah, Dept. 10A*]

**DEFENDANT FEDEX GROUND
PACKAGE SYSTEM, INC.'S NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28
U.S.C §§ 1332, 1441 and 1446**

Complaint Filed: June 5, 2020
Removal Filed:   July 24, 2020
Trial Date:       None Set

1

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 38232145.1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF LANEE' WHITE AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant FEDEX GROUND PACKAGE SYSTEM, INC. (hereinafter, "FedEx Ground"), through its counsel of record, respectfully hereby removes this action filed by Plaintiff LANEE' WHITE (hereinafter, "Plaintiff") from the Superior Court of the State of California, in and for the County of San Joaquin (hereinafter, the "State Court"), to the United States District Court for the Eastern District of California (Sacramento Division). This removal is based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) and is timely under 28 U.S.C. § 1446. This Notice of Removal is supported by the accompanying Declaration of Matthew Endlish and supporting exhibits filed concurrently herewith. The basis for removal is complete diversity of citizenship. FedEx Ground provides the following information in support thereof:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On June 5, 2020, Plaintiff filed an unverified Complaint (hereinafter, the "Complaint") in the Superior Court of the State of California, County of San Joaquin, thereby initiating the civil action entitled *Lanee' White v. Fedex Ground Package System, Inc.*, Case No. STK-CV-VOE-2020-4646 (hereinafter, the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit ("Exh.") 1**.

2. In her Complaint, Plaintiff alleges six (6) causes of action against FedEx Ground: (1) Disability discrimination in violation of Cal. Govt. Code §§ 12940, *et seq.* ("FEHA") (2) Failure to accommodate in violation of the FEHA, (3) Failure to engage in the interactive process in violation of the FEHA, (4) Failure to prevent discrimination in violation of the FEHA, (5) Wrongful termination in violation of the FEHA, and (6) Retaliation violation of the FEHA. *See* **Ex. 1**. Plaintiff seeks general damages, special damages, loss of earnings, declaratory relief, injunctive relief, attorney fees, punitive and exemplary damages, and equitable relief. *Id* at ¶ 16, Prayer for Relief at ¶¶ 1-11.

/ / /

3.      Plaintiff served a copy of the Summons and Complaint upon FedEx Ground's registered agent for service of process C T Corporation System by process server and by email notification to FedEx Ground employees Matthew English, Susan Kernen, and Lisa Santucci on June 24, 2020. Declaration of Matthew Endlish, filed and served herewith, ¶ 8.

4.      Defendants "DOES 1 through 50, inclusive" have not been identified and there is no record or indication that any Doe defendants have been served with the Summons or the Complaint in the State Court Action.

5.      FedEx Ground filed an Answer to Plaintiff's Complaint in the State Court Action on July 23, 2020. A true and correct copy of such Answer is attached hereto as **Exh. 2**.

6.      No further proceedings have been had in the state court as of the date of this Notice.  A true and correct copy of all additional process, pleadings and orders served upon FedEx Ground in the State Court Action, aside from the Complaint and Answer referenced above, are attached hereto as **Exhibit 3**. By signing this Notice of Removal, counsel for FedEx Ground verifies that the items attached hereto as **Exhibits 1-3** are true and complete copies of the process, pleadings and orders in the State Court Action.

7.      This removal is timely filed as required by 28 U.S.C. section 1446(b) because it has been filed within thirty (30) days of the date of first service of the State Court Action on FedEx Ground, which was June 24, 2020, and within one year of the date the State Court Action was filed.

## DIVERSITY JURISDICTION

8.      **Basis of Original Jurisdiction.**  This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1).  As set forth below, 28 U.S.C. section 1332(a) grants district courts original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  This case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.  *See* 28 U.S.C. §§ 1332, 1441, and 1446.

9.      **Notices of Removal are Subject to a Liberal Pleading Standard.** In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading

standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551-554 (2014) (quoting 28 U.S.C. § 1446(a)).  This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id*.; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196-1197 (9th Cir. 2015); *Jackson v. CEVA Logistics*, No. 19-CV-07657-LHK, 2020 WL 1967208, at *8 (N.D. Cal. Apr. 24, 2020); *Fukuchi v. Stein Mart, Inc.*, No. CV 19-8266-MWF (RAOx), 2019 WL 8756866 at *3 (C.D. Cal. 2019).  Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Id*.

10.     **Complete Diversity.**  Diversity of citizenship exists in this matter because FedEx Ground is now, and at all times since the filing of the State Court Action has been, incorporated in the State of Delaware, and at all such times its principal place of business is, and has been, in Moon Township, in the State of Pennsylvania (Endlish Decl. ¶¶ 5-7). At all such times, Plaintiff is and has been a California resident and citizen. **Ex. 1** at ¶ 1.

11.     **Plaintiff's Citizenship.** Based on the allegations in Plaintiff's Complaint, Plaintiff was a citizen and resident of the State of California at the time this action commenced and remains so at the time of this removal. **Ex. 1** at ¶ 1.  The presumption of continuing domicile provides a legal presumption that Plaintiff is still a resident of the State of California. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) ("a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted . . . . This presumption has been widely accepted, including by this [the Ninth] circuit.").  For removal purposes, citizenship is measured both when the action is filed and removed.  *Strotek Corp. v. Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  For diversity purposes, a person is a citizen of the State

FP 38232145.1

1  where he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).

2  Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d

3  880, 885–86 (9th Cir. 2013), citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571

4  (5th Cir. 2011) ("Evidence of a person's place of residence . . . is *prima facie* proof of his

5  domicile.").  The Complaint states that "[a]t all times material herein, Plaintiff … was and is a

6  resident of the State of California, County of San Joaquin." **Ex. 1** at ¶ 1.  Plaintiff, therefore, is,

7  and at all times since the commencement of this action has been, a resident and citizen of

8  California.

9       12.  **FedEx Ground's Citizenship.**  At the time Plaintiff filed the Complaint in the

10  State Court, FedEx Ground was (and it also remains) a citizen of States other than California.

11  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State

12  by which it has been incorporated and of the State where it has its principal place of business."

13  *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010) (determining that a

14  corporation's principal place of business, or "nerve center," will typically be where its

15  headquarters is located).  FedEx Ground is and at all times since June 5, 2020, (and including

16  prior to such date) has been, incorporated in the State of Delaware.  Endlish Decl. ¶ 5.  Under the

17  "nerve center" test, FedEx Ground's "principal place of business" is, and has at all times since

18  June 5, 2020 (and including prior to such date) been Moon Township, Pennsylvania namely:

19       a.  FedEx Ground has, at all such times, maintained its headquarters in Moon

20  Township, Pennsylvania.  Endlish Decl. ¶ 6.

21       b.  Moon Township, Pennsylvania is, and has at all such times been where

22  FedEx Ground's officers have directed, controlled and coordinated FedEx Ground's

23  business activities. Endlish Decl. ¶ 6.

24       c.  FedEx Ground's headquarters in Moon Township, Pennsylvania is, and

25  has at all such times been the location of FedEx Ground's executive and administrative

26  offices, including its corporate finance, accounting, human resources, information

27  technology and legal departments.  Endlish Decl. ¶ 6.

28  / / /

d.      FedEx Ground's headquarters in Moon Township, Pennsylvania is, and at all such times has been, the location of FedEx Ground's senior executives, including FedEx Ground's chief executive officer, chief operating officer, chief financial officer and FedEx Ground's general counsel.  Endlish Decl. ¶ 6.

13.      **Doe Defendants Are Disregarded For Purposes Of Removal.**  Defendants DOES 1 through 50, inclusive, are fictitious.  The Complaint does not set forth the identity or status of any of the fictitious defendants, nor does it set forth any charging allegation against any fictitious defendant.  Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998); *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal notice). Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

14.      Based on the foregoing, Plaintiff and FedEx Ground are citizens of different States. 28 U.S.C. § 1332(d)(2)(A).

## AMOUNT IN CONTROVERSY

15.      **The Amount In Controversy Exceeds $75,000.** Plaintiff does not specify a damages sum in her Complaint. Notwithstanding the fact that Plaintiff fails to specify the dollar amount of damages being sought in the Complaint, the allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.  Economic damages, non-economic damages, general damages, punitive damages and attorneys' fees are all included in determining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

16.      Though FedEx Ground denies that Plaintiff is entitled to any damages, Plaintiff seeks general damages, special damages, loss of earnings, punitive and exemplary damages, and attorney fees. **Ex. 1**, ¶ 16, Prayer for Relief at ¶¶ 1-11.  California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims.  *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal.

5

July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).

17.    Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

a.    **Plaintiff's Lost Wages as a Package Handler.** Plaintiff alleges that as a result of FedEx Ground's conduct, she is entitled to loss of earnings **Ex. 1**, Compl. at ¶ 16, Prayer for Relief at ¶ 3).  Under California's Fair Employment and Housing Act, Cal. Gov't Code sections 12926, *et seq*., all non-contractual tort remedies are potentially recoverable, including back pay and front pay.  *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 649 P.2d 912 (Cal. 1982).  Here, Plaintiff was employed as a Package Handler and was earning $15.85 per hour as of the separation of her employment in August 2018. Endlish Decl. ¶ 4. Thus, assuming Plaintiff was working full time, at the time of her separation of employment in August 2018, Plaintiff was earning approximately $2,536 per month (based on an estimated 40 hours per week).  Endlish Decl. ¶ 4.  Plaintiff makes no allegation in his Complaint that she has found other work, let alone work that pays the same compensation that she previously received at FedEx Ground.  Thus, Plaintiff is seeking approximately 24 months of lost wages as of the date of this removal notice, and this claim will continue to accrue during the pendency of this litigation.  Therefore, assuming it takes approximately 12 more months before this matter is resolved by trial, Plaintiff will claim approximately 36 months of lost wages, or $91,296 ($2,536 per month x 36 months). This amount does not take into account any future lost wages Plaintiff may claim.

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE AND PETITION FOR OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 38232145.1

   b.  **Plaintiff's Special and General Damages for Emotional Distress.**

Plaintiff alleges that, as a result of FedEx Ground's alleged conduct toward her, she "has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms." **Ex. 1**, Compl. at ¶ 72.  The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district court properly considered . . . emotional distress damage awards in similar age discrimination cases.").  Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons*, 209 F. Supp. 2d at 1033. Emotional distress damages in employment discrimination cases in California generally exceed $50,000, and can be even more substantial, reaching and exceeding the jurisdictional minimum of $75,000 alone.  *See, e.g., Wang v. Reese Scientific Corp.*, Dkt. No. CGC-13-528233, 2014 WL 5389950 (Cal. Super. Ct. S.F. June 9, 2014) (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of Los Angeles*, Dkt. BC341480, 2009 WL 2421975 (Cal. Super. Ct. L.A. July 24, 2009) (awarding $100,000 in emotional distress damages on race discrimination and retaliation claims); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038–40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").  Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, especially when

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE AND PETITION FOR OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 38232145.1

Plaintiff's lost wages damages are added to a potential recovery of emotional distress damages of at least $75,000.

       c.    **Plaintiff's Attorneys' Fees.**  Plaintiff also seeks to recover attorneys' fees. **Ex. 1**, Compl., ¶ 16 Prayer for Relief at ¶ 6.  Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy.  *See Galt G/S*, 142 F.3d at 1156 (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act lawsuits.  Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005).  FedEx Ground anticipates that depositions will be taken in this case and that FedEx Ground may ultimately file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000.  Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum.").  Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial.  Accordingly, even assuming an attorneys' fees award of $50,000,

FP 38232145.1

the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, emotional distress damages and potential attorneys' fee award.

   d. **Plaintiff's Claimed Punitive Damages.**  Plaintiff also seeks to recover punitive damages, alleging, without any specific support, that FedEx Ground's conduct was "fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff."  **Ex. 1**, Compl. at ¶ 74, *see also* Prayer for Relief at ¶ 8.  Punitive damages are part of the amount in controversy in a civil action. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).  Although Plaintiff's claim for punitive damages appears to be weak, courts have recognized that California jury verdicts "amply demonstrate the potential for large punitive damages awards in employment discrimination cases."  *See Simmons*, 209 F. Supp. 2d at 1033.  Therefore, Plaintiff's request for punitive damages weighs in favor of establishing the amount in controversy.

   18. Finally, Plaintiff made a settlement demand of $225,000. Endlish Decl. at ¶ 9. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002).  Accordingly, Plaintiff seeks damages in excess of $75,000.00, and the amount in controversy requirement of 28 U.S.C. §1332(b) is met.

   19. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims, easily exceeds the minimum threshold of $75,000.

### ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

   20. **Venue and Intradistrict Assignment.**  Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  *See Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed

action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending).  This Court (the Sacramento Division of the Eastern District of California) embraces the San Joaquin County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending.  Accordingly, this Court is the appropriate federal district court to which to remove this action.

21.   **Notice of Removal.**  As required by 28 U.S.C. section 1446(d), a copy of the Notice of Removal will be attached to a document entitled Notice to Adverse Parties and State Court of Defendant FedEx Ground Package System, Inc.'s Filing of Notice of Removal (in the form attached hereto as **Exhibit 4**). Which will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, in and for the County of San Joaquin.

22.   In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on FedEx Ground or filed by FedEx Ground are attached to the Notice of Removal as **Exhibits 1-3.**

### CONCLUSION

Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and FedEx Ground is a citizen of Delaware and Pennsylvania.  Furthermore, the amount in controversy exceeds $75,000.  Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and FedEx Ground has properly removed the State Court Action to this Court.  FedEx Ground reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

Dated:  July 24, 2020                              Respectfully submitted,

FISHER & PHILLIPS LLP

By:   /s/ Christopher M. Ahearn
        BRANDY T. CODY
        CHRISTOPHER M. AHEARN
        Attorneys for Defendant
        FEDEX GROUND PACKAGE SYSTEM,
        INC.

10

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE AND PETITION FOR OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 38232145.1

*Lanee' White, et al. v. FedEx Ground Package System, Inc., et al.*,
USDC East District Case # TBD

**NOTICE OF REMOVAL**

**EXHIBIT 1 (Complaint)**

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
JARED BEILKE, STATE BAR NO. 195698
RUTH GEWING, STATE BAR NO. 255876

Attorneys for Plaintiff LaNee' White

FILED
SUPERIOR COURT-STOCKTON

2020 JUN -5 PM 4: 50

BRANDON E. RILEY. CLERK

BY_____
DEFUTY

**SUPERIOR COURT OF CALIFORNIA**

$435.00 /56381

**FOR THE COUNTY OF SAN JOAQUIN**

| | |
|---|---|
| LANEE' WHITE, an individual; | ) STK-CV-UOE-2020-4646 |
| Plaintiff, | ) COMPLAINT FOR: |
| vs. | ) **(1) DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940, ET SEQ. [FEHA];** |
| FEDEX GROUND PACKAGE SYSTEM, INC, a Delaware corporation; and DOES 1 through 50, inclusive; | ) **(2) FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;** ) **(3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;** |
| Defendants. | ) **(4) FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;** ) **(5) WRONGFUL TERMINATION IN VIOLATION OF FEHA;** ) **(6) RETALIATION IN VIOLATION OF FEHA** |

**DEMAND FOR JURY TRIAL**

Plaintiff, LANEE' WHITE, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1.      At all times material herein, Plaintiff, LANEE' WHITE (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of San Joaquin.

FILE BY FAX

2.    Plaintiff is informed, believes, and based thereon alleges that Defendant, FEDEX GROUND PACKAGE SYSTEM, INC. (hereafter "FEDEX" or "Defendant") is a Delaware corporation and was, at all times mentioned in this complaint, duly licensed to do business, was and is doing business under and by virtue of the laws of the State of California, and within the County of San Joaquin.

3.    At all times mentioned herein, the Defendants named herein as DOES 1 through 50, and each of them, were and are the shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of Defendant FEDEX, and in doing the things herein described, were acting within the scope of their authority as such shareholders, and/or directors, and/or officers, and/or agents, and alter egos of Defendant FEDEX.

4.    The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE Defendants when they have been ascertained.

5.    Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein.

6.    Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter ego and/or joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    7.    Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant

2  or Defendants shall refer to all Defendants, and each of them.

3                            **FACTUAL ALLEGATIONS**

4    8.    Plaintiff commenced employment with Defendant on or about September 2015 as

5  a Package Handler. Plaintiff's responsibilities included loading and unloading packages,

6  handling fragile and dangerous products, labeling packages and training new employees.

7  Plaintiff performed her duties in a competent and professional manner and became a valued

8  employee of Fedex. Plaintiff remained at Fedex until on or about July 2016. Indeed, Plaintiff was

9  such a valued employee that Plaintiff was rehired on or about April 2017 in the same position.

10    9.    On or around June 7, 2017 Plaintiff injured her left knee during work. She

11  returned to work the following day with no restrictions but was advised she had nerve damage in

12  her knee by her physician.

13    10.    On or around August 3, 2018 Plaintiff injured her right shoulder during work.

14  Plaintiff went to her doctor and diagnosed with a pinched nerve and joint separation in her

15  shoulder. Plaintiff returned to work on or around August 8, 2018.

16    11.    Plaintiff returned to work with a sling on her arm and restrictions that she could

17  not lift more than 5 pounds. Plaintiff was moved to a position sorting small packages.

18    12.    Plaintiff continued to experience pain from the injury which necessitated her

19  missing work.

20    13.    Plaintiff provided doctor's notes to Defendants but was written up for missing

21  work despite providing doctor's notes.

22    14.    On or around August 24, 2018, General Managers Sergio "Doe" and Chris "Doe"

23  approached Plaintiff while she was working and stated Plaintiff would most likely be suspended

24  for excessive write ups during the previous month. The managers stated to Plaintiff that they

25  were aware of her shoulder injury and acknowledged that might be the reason for her absences.

26  Plaintiff confirmed her shoulder injury was the reason she called out. The managers told Plaintiff

27  that although she was injured she still needed to report to work. The managers asked Plaintiff if

28  she was serious about her job and she stated she was. Plaintiff was told that Joseph Tucker the

*JML LAW*
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   Operations Manager would have to decide if Plaintiff would be suspended and they would let

2   Plaintiff know. Plaintiff spoke with Tucker who was unaware of the impending suspension.

3       15.    About half an hour later Plaintiff was informed she was indeed being placed on

4   suspension and was escorted out of the building. When Tucker saw Plaintiff being escorted from

5   the warehouse he asked Sergio "Doe" and Chris "Doe" what was happening and why Plaintiff

6   was being escorted from the building. Tucker was told it was nothing for him to be concerned

7   about.

8       16.    On or around August  31, 2018 Plaintiff did not receive her direct deposit.

9   Plaintiff contacted the Human Resource Department and was informed her last paycheck was

10  ready for pickup. When Plaintiff picked up her check she received papers of termination.

11      17.    Plaintiff's injury limited her ability to engage in the major life activity of working.

12  Therefore, Plaintiff's injury constituted a qualifying actual and/or perceived physical disability as

13  defined under the FEHA.

14      18.    From the time of her injury to her return to work through her termination, Plaintiff

15  communicated with Defendants about her progress and the modified work duties ordered by her

16  doctor.

17      19.    Plaintiff is informed and believes and thereon alleges that she was terminated due

18  to her disability, and in retaliation for requesting a reasonable accommodation. Defendants did

19  not engage in the interactive process with Plaintiff to accommodate her disability, instead they

20  terminated her.

21      20.    Plaintiff exhausted her administrative remedies by filing a complaint with the

22  Department of Fair Housing and Employment ("DFEH") on July 23, 2019. The DFEH issued

23  Plaintiff an immediate right-to-sue letter on July 23, 2019.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF

### GOVERNMENT CODE § 12940, *ET SEQ.* [FEHA]

### (Against ALL DEFENDANTS)

21      Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

4

1    set forth herein.

2        22.    At all times herein mentioned, California Government Code § 12940, *et seq.* were

3    in full force and effect and were binding on Defendants and each of them, as Defendants

4    regularly employed five (5) or more persons. Under the Fair Employment and Housing Act

5    ("FEHA"), Government Code § 12940, *et seq.*, it is an unlawful employment practice for an

6    employer, because of the actual and/or perceived physical disability of a person to discharge the

7    person from employment or to discriminate against the person in compensation or in terms,

8    conditions, or privileges of employment.

9        23.    As set forth in this complaint, Plaintiff is informed and believes that Defendants

10   and their agents discriminated against the Plaintiff on the basis of her actual and/or perceived

11   disability by refusing to search for or provide Plaintiff with any available positions and/or

12   temporary modified duty, and by wrongfully terminating her employment.

13       24.    As a proximate result of the aforesaid acts of Defendants, and each of them,

14   Plaintiff has suffered actual, consequential and incidental financial losses, including without

15   limitation, loss of salary and benefits, and the intangible loss of employment related

16   opportunities in her field and damage to her professional reputation, all in an amount subject to

17   proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code §

18   3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

19       25.    As a proximate result of the wrongful acts of Defendants, and each of them,

20   Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

21   embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

22   believes and thereupon alleges that she will continue to experience said physical and emotional

23   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

24   at the time of trial.

25       26.    As a proximate result of the wrongful acts of Defendants, and each of them,

26   Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

27   expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is

28   entitled to recover attorneys' fees and costs pursuant to Government Code § 12965(b).

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

27.     Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination against and upon employees of Defendants.  Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination against and upon employees of Defendants.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to the Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in similar future conduct.

28.     Plaintiff is informed and believes, and based thereon alleges that Defendants and their managers, officers, and managing agents had a pattern and practice of wrongfully terminating employees who were disabled so that Defendants did not have to accommodate them. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in similar future conduct.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA

### (Against ALL DEFENDANTS)

29.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

30.     At all times herein mentioned, Government Code § 12940, *et seq*. were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

31.     Plaintiff's injury limited her ability to engage in the major life activity of working. Therefore, Plaintiff's injury constituted a qualifying actual and/or perceived physical disability as defined under the FEHA.

32.     Although Defendants knew of Plaintiff's disability, Defendants failed to provide reasonable accommodation for Plaintiff's disability in direct violation of the FEHA, Government Code § 12940, *et seq*. Defendants knew that Plaintiff required accommodation in the form of work restrictions and/or temporary modified duty. Defendants could have accommodated Plaintiff without suffering undue hardship, but chose to deny her available positions that would have accommodated her and for which he was qualified. Instead, Defendants chose to terminate Plaintiff in violation of public policy.

33.     Plaintiff alleges that she could have fully performed all essential duties and functions of her job or other jobs that Defendant had available, in an adequate, satisfactory and/or outstanding manner, particularly if she was provided with reasonable accommodations.

34.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

35.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

36.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is

2   entitled to recover attorneys' fees and costs under Government Code § 12965(b).

3       37.     Defendants had in place policies and procedures that specifically required

4   Defendants' managers, officers, and agents to reasonably accommodate disabled employees in

5   compliance with the FEHA.  Defendants' managers, officers, and/or agents were aware of

6   Defendants' policies and procedures requiring reasonable accommodation of disabled

7   employees.  However, Defendants chose to consciously and willfully ignore said policies and

8   procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive,

9   and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

10  each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

11  and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should therefore be

12  awarded exemplary and punitive damages against each Defendant in an amount to be established

13  that is appropriate to punish each Defendant and deter others from engaging in such conduct.

14      38.     Plaintiff is informed and believes, and based thereon alleges that Defendants and

15  their managers, officers, and managing agents had a pattern and practice of wrongfully

16  terminating employees who were disabled so that Defendants did not have to reasonably

17  accommodate them as required by the FEHA.  Plaintiff should therefore be awarded exemplary

18  and punitive damages against each Defendant in an amount to be established that is appropriate

19  to punish each Defendant and deter others from engaging in similar future conduct.

20                          **THIRD CAUSE OF ACTION**

21  **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA**

22                          **(Against ALL DEFENDANTS)**

23      39.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

24  set forth herein.

25      40.     Government Code § 12940(m) and (n) provide that it is unlawful for an employer

26  to fail to engage in a timely, good faith, interactive process with the employee to determine

27  effective reasonable accommodations to protect a disabled employee's job.

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

8

COMPLAINT

41.     Defendants, and each of them, failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodation of Plaintiff's actual and/or perceived disability based upon her medically imposed restrictions.  Instead, Defendants denied Plaintiff's requests for accommodations, denied her modified work in positions that she was qualified to perform, and then wrongfully terminated her employment.

42.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

43.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

44.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

45.     Defendants had in place policies and procedures that specifically required Defendants' managers, officers, and agents to engage in a good faith interactive process with disabled employees of Defendants.  Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to engage in the interactive process with disabled employees.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for

9

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1  the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each

2  Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

3  wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive

4  damages against each Defendant in an amount to be established that is appropriate to punish each

5  Defendant and deter others from engaging in similar future conduct.

6      46.    Plaintiff is informed and believes, and based thereon alleges that Defendants and

7  their managers, officers, and managing agents had a pattern and practice of wrongfully

8  terminating employees who were disabled so that Defendants did not have to engage in the

9  interactive process with them. Plaintiff should therefore be awarded exemplary and punitive

10  damages against each Defendant in an amount to be established that is appropriate to punish each

11  Defendant and deter others from engaging in similar conduct.

12  **FOURTH CAUSE OF ACTION**

13  **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA**

14  **(Against ALL DEFENDANTS)**

15      47.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

16  set forth herein.

17      48.    At all times mentioned herein, Government Code Sections 12940, *et seq.*,

18  including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

19  binding upon Defendants and each of them. These sections impose upon an employer a duty to

20  take immediate and appropriate corrective action to end discrimination and take all reasonable

21  steps necessary to prevent discrimination from occurring in the workplace.

22      49.    Defendants violated Government Code § 12940 (j) and (k) by failing to

23  adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures

24  to act as described herein.

25      50.    Defendants failed to fulfill their statutory duty to timely take immediate and

26  appropriate corrective action to end the discrimination committed against Plaintiff. Further,

27  Defendants also failed to take all reasonable steps necessary to prevent the discrimination from

28  continuing to occur and protect the Plaintiff's job.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    51.    In failing and/or refusing to take immediate and appropriate corrective action to

2   end the disability discrimination alleged herein, and in failing and/or refusing to take and or all

3   reasonable steps necessary to prevent the discrimination from occurring and/or continuing to

4   occur, Defendants violated Government Code § 12940 (j) and (k), causing Plaintiff to suffer

5   damages as set forth below.

6    52.    As a proximate result of the aforesaid acts of Defendants, and each of them,

7   Plaintiff has suffered actual, consequential and incidental financial losses, including without

8   limitation, loss of salary and benefits, and the intangible loss of employment related

9   opportunities in her field and damage to her professional reputation, all in an amount subject to

10   proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code §

11   3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

12    53.    As a proximate result of the wrongful acts of Defendants, and each of them,

13   Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

14   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

15   believes and thereupon alleges that she will continue to experience said physical and emotional

16   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

17   at the time of trial.

18    54.    As a proximate result of the wrongful acts of Defendants, and each of them,

·19   Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is

20   expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is

21   entitled to recover attorneys' fees and costs under Government Code § 12965(b).

22    55.    Defendants had in place policies and procedures that specifically prohibited and

23   required Defendants' managers, officers, and agents to prevent disability discrimination, against

24   and upon employees of Defendants and take all reasonable steps to prevent discrimination from

25   occurring in the workplace.  Defendants' managers, officers, and/or agents were aware of

26   Defendants' policies and procedures requiring their managers, officers, and agents to prevent,

27   investigate and curtail disability discrimination.  However, Defendants chose to consciously and

28   willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was

1    fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff
2    and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted,
3    participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged
4    above. Plaintiff should therefore be awarded exemplary and punitive damages against each
5    Defendant in an amount to be established that is appropriate to punish each Defendant and deter
6    others from engaging in similar conduct.

7        56.    Plaintiff is informed and believes, and based thereon alleges that Defendants and
8    their managers, officers, and managing agents had a pattern and practice of failing to prevent,
9    investigate, and curtail disability discrimination in the workplace and failing to protect the jobs
10   of disabled workers. Plaintiff should therefore be awarded exemplary and punitive damages
11   against each Defendant in an amount to be established that is appropriate to punish each
12   Defendant and deter others from engaging in such conduct.

### FIFTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF FEHA

### (Against ALL DEFENDANTS)

16       57.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully
17   set forth herein.

18       58.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully
19   set forth herein.

20       59.    At all times mentioned, the FEHA, as codified, expressed and mandated in
21   Government Code § 12940, *et seq.*, is to prohibit employers from discriminating and/or
22   retaliating against any individual on the basis of, but not limited to physical disability, as
23   identified in Government Code §§ 12926, 12940, *et seq.* The FEHA is designed to protect all
24   California employees and to promote the welfare and well-being of the community at large
25   within the State. Accordingly, the actions of Defendants, and each of them, in terminating
26   Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the
27   express policies, requirements, and mandates set forth within Government Code §§ 12940, *et*
28   *seq.*, and the laws and regulations promulgated thereunder.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

60.     As set forth herein, Plaintiff alleges her termination of employment was substantially motivated by her actual and/or perceived physical disability, and her requests for reasonable accommodation in the workplace.  Therefore, Plaintiff's termination of employment violated the provisions of the FEHA cited herein.

61.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

62.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

63.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs pursuant to Government Code § 12965(b).

64.     Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent discrimination and retaliation based upon age and/or disability against and upon employees of Defendants.  Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, investigate, and curtail disability discrimination against and upon employees of Defendants.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for

1 the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each

2 Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

3 wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive

4 damages against each Defendant in an amount to be established that is appropriate to punish each

5 Defendant and deter others from engaging in such conduct.

6      65.    Plaintiff is informed and believes, and based thereon alleges that Defendants and

7 their managers, officers, and managing agents had a pattern and practice of wrongfully

8 terminating employees who were disabled so that Defendants did not have to accommodate them

9 or engage in the interactive process. Plaintiff should therefore be awarded exemplary and

10 punitive damages against each Defendant in an amount to be established that is appropriate to

11 punish each Defendant and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

### (Against ALL DEFENDANTS)

15      66.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

16 set forth herein.

17      67.    California Government Code § 12940(h) makes it unlawful for any person to

18 retaliate against an employee who has engaged in a protected activity with respect to his or her

19 employment.

20      68.    Plaintiff engaged in a protected activity by taking medically excused absences

21 from work. In direct response to Plaintiff's protected conduct, Defendants terminated Plaintiff.

22      69.    Substantial motivating factors in Plaintiff's termination was her medically

23 excused absence from work and need for accommodation.

24      70.    Defendants' conduct as alleged above constituted unlawful retaliation in violation

25 of Government Code § 12940(h).

26      71.    As a proximate result of the aforesaid acts of Defendants, and each of them,

27 Plaintiff has suffered actual, consequential and incidental financial losses, including without

28 limitation, loss of salary and benefits, and the intangible loss of employment related

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

14

COMPLAINT

opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

72.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

73.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

74.     Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability and/or medical leave retaliation, as against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability and/or medical leave retaliation against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment, against all Defendants jointly and severally, as follows:

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For loss of earnings, according to proof;

4. For declaratory relief, according to proof;

5. For injunctive relief, according to proof;

6. For attorneys' fees, according to proof. Cal. Labor Code § 218.5, 226(e), *et seq.*; Cal. Govt. Code § 12965(b);

7. For prejudgment interest, according to proof;

8. For punitive and exemplary damages, according to proof;

9. For costs of suit incurred herein;

10. For all equitable relief recoverable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203; and

11. For such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action set forth herein

DATED: April 24, 2020   JML LAW, A Professional Law Corporation

By: _____

JOSEPH M. LOVRETOVICH

JARED BEILKE

RUTH GEWING

Attorneys for Plaintiff

*Lanee' White, et al. v. FedEx Ground Package System, Inc., et al.*,
USDC East District Case # TBD

**NOTICE OF REMOVAL**

**EXHIBIT 2 (Answer)**

Brandy T. Cody, State Bar No. 196923
Email: bcody@fisherphillips.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, OR 97204
Telephone (503) 242-4262
Facsimile (503) 242-4263

Christopher M. Ahearn, SBN 239089
E-Mail: cahearn@fisherphillips.com
Michael S. Armstrong, SBN 309816
E-Mail: marmstrong@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| LANEE' WHITE,<br><br>                Plaintiff,<br><br>        v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 50, inclusive;,<br><br>                Defendant. | Case No:  STK-CV-UOE-2020-4646<br><br>*[Assigned for all purposes to the Hon. George J. Abdallah, Dept. 10A]*<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: June 5, 2020<br>Trial Date:        None Set |

1

Defendant FEDEX GROUND PACKAGE SYSTEM, INC. (hereinafter, "Defendant") responds to the "Complaint" filed on June 5, 2020 in the above-captioned action (hereinafter, the "Complaint') by Plaintiff LANEE' WHITE (hereinafter, "Plaintiff"):

## ANSWER

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified Complaint.

## DEFENSES

Defendant's assertion of the below defenses is not intended to, and does not, operate as a voluntary assumption of the burden of proof as to such defenses.  Discovery and investigation are ongoing.  Defendant reserves its right to seek to add additional defenses as the case develops.

The terms "his," "her," "he," "she," "they," and "them" as used below refer to any person or persons of any gender or gender identity.

## FIRST DEFENSE

1.      Plaintiff's claims are barred on the ground that the Complaint, and all causes of action therein, fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

2.      Plaintiff's Complaint, and all causes of action therein, are barred by the applicable statute(s) of limitation, including but not limited to:  Code of Civil Procedure sections 335.1 and 340, subdivision (a) and California Government Code sections 12960 and 12965.

## THIRD DEFENSE

3.      Plaintiff's Complaint, and all causes of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code sections 3601 *et seq*.

/ / /

/ / /

/ / /

/ / /

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 38232238.1

**FOURTH DEFENSE**

4.      If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

**FIFTH DEFENSE**

5.      Plaintiff is estopped by her conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

**SIXTH DEFENSE**

6.      By her conduct, Plaintiff has waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

**SEVENTH DEFENSE**

7.      Plaintiff's claims are barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

8.      Plaintiff's claims are barred under the doctrine of collateral estoppel and *res judicata*.

**NINTH DEFENSE**

9.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**TENTH DEFENSE**

10.     Plaintiff's claims are barred by the doctrine of avoidable consequences.

**ELEVENTH DEFENSE**

11.     Recovery by Plaintiff of any amounts sought in this action would constitute unjust enrichment.

**TWELFTH DEFENSE**

12.     Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

/ / /

/ / /

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 38232238.1

### THIRTEENTH DEFENSE

13.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative cause, and not the result of any act or omission of Defendant.

### FOURTEENTH DEFENSE

14.     Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

### FIFTEENTH DEFENSE

15.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts and/or omissions of Defendant of which Plaintiff complains.

### SIXTEENTH DEFENSE

16.     The alleged acts of which Plaintiff complains were based on reasonable factors other than protected activity, and other than Plaintiff's alleged opposition to conduct allegedly suffered in the workplace.

### SEVENTEENTH DEFENSE

17.     Even if there was discrimination or retaliation against Plaintiff (which Defendant denies), any adverse employment actions taken against Plaintiff, up to and including termination of employment, would have been undertaken anyway.

### EIGHTEENTH DEFENSE

18.     Even if Defendant's actions are found to have been partially motivated by discriminatory and/or retaliatory motive (which Defendant expressly denies), Defendant cannot be held liable, in whole or in part, because it also had legitimate non-discriminatory and non-retaliatory motives for its actions, which alone, would have induced it to make the same personnel decision(s) and/or to take the same personnel action(s).

### NINETEENTH DEFENSE

19.     Defendant exercised reasonable care to prevent and promptly correct any allegedly retaliatory, discriminatory, and/or harassing behavior.

/ / /

3

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 38232238.1

**TWENTIETH DEFENSE**

20.     Defendant's conduct toward Plaintiff was at all times privileged, justified and undertaken in a good faith belief that Defendant was in full compliance with the law.

**TWENTY-FIRST DEFENSE**

21.     Plaintiff unreasonably failed to take advantage of any preventive and/or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWENTY-SECOND DEFENSE**

22.     Plaintiff's reasonable use of Defendant's procedures to prevent and/or correct the allegedly harassing, discriminatory, and/or harassing behavior would have prevented all or some of the alleged harm he claims to have suffered.

**TWENTY-THIRD DEFENSE**

23.     Plaintiff consented to the acts and/or omissions alleged in the Complaint.

**TWENTY-FOURTH DEFENSE**

24.     Plaintiff unreasonably failed to comply with applicable employment requirements, policies and procedures.

**TWENTY-FIFTH DEFENSE**

25.     If the injuries and/or alleged damages in the Complaint occurred at all, such injuries and/or alleged damages were caused by and/or contributed to by Plaintiff's own acts, omissions and/or failures to act.

**TWENTY-SIXTH DEFENSE**

26.     Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified any adverse employment actions taken against Plaintiff, up to and including termination.

**TWENTY-SEVENTH DEFENSE**

27.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the ground that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses and Excessive Fines clauses of the United States Constitution, and corresponding provisions of the California Constitution.

4

1

### TWENTY-EIGHTH DEFENSE

2     28.    The acts of the other Defendants of which Plaintiff complains were all undertaken

3 outside the scope of their agency and/or employment with this answering Defendant and without

4 the knowledge or consent of this answering Defendant and this answering Defendant may not be

5 held liable therefor.

6

### TWENTY-NINTH DEFENSE

7     29.    The harm allegedly suffered by Plaintiff was proximately caused by persons or

8 entities other than Defendant, who should be solely responsible for paying any damages or other

9 monetary remedies.

10

### THIRTIETH DEFENSE

11     30.    The harm allegedly suffered by Plaintiff was caused, in whole or in part, by third

12 parties, and liability for damages or other monetary remedies should be apportioned among such

13 third parties.

14

### THIRTY-FIRST DEFENSE

15     31.    Defendant cannot be held jointly and severally liable for the acts and/or omissions

16 of any alleged joint employer or tortfeasor.

17

### THIRTY-SECOND DEFENSE

18     32.    Plaintiff's claims are barred by his failure to join necessary and/or indispensable

19 parties.

20

### THIRTY-THIRD DEFENSE

21     33.    Plaintiff's claims are barred by his failure to exhaust internal, contractual,

22 statutory, regulatory, and administrative grievance procedures.

23

### THIRTY-FOURTH DEFENSE

24     34.    The conduct that Plaintiff claims injured her was protected by the constitutions of

25 the State of California and of the United States of America.

26

### THIRTY-FIFTH DEFENSE

27     35.    Plaintiff's claims are barred by public policy.

28 / / /

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
FP 38232238.1

1

## **THIRTY-SIXTH DEFENSE**

2

      36.      Plaintiff failed to mitigate her alleged damages or losses.

3

      **WHEREFORE**, this answering Defendant prays as follows:

4

      1.      That Plaintiff take nothing by her Complaint;

5

      2.      That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

6

      3.      That Defendant recover its costs of suit herein, including its reasonable attorneys'

7

fees; and

8

      That the court award such other and further relief as it deems appropriate.

9

10

Dated:  July 23, 2020                Respectfully submitted,

11

                          FISHER & PHILLIPS LLP

12

13

              By: _____

14

                          BRANDY T. CODY
CHRISTOPHER M. AHEARN
MICHAEL S. ARMSTRONG

15

                          Attorneys for Defendant
FEDEX   GROUND   PACKAGE   SYSTEM,
INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**
(Cal. Code Civ. Proc. §§ 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the below-listed date, I served ☐ *the original* ☒ *a true copy* of the foregoing document entitled **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the person or persons listed below:

| | |
|---|---|
| JOSEPH M. LOVRETOVICH | Attorneys for Plaintiff |
| JARED BEILKE | LANEE' WHITE |
| RUTH GEWING | |
| **JML LAW** | T:   (818) 610-8800 |
| 5855 Topanga Canyon Blvd., Suite 300 | F:   (818) 610-3030 |
| Woodland Hills, CA 91367 | E:   jml@jmllaw.com |
| | Jared@jmllaw.cocm |
| | ruth@jmllaw.com |

☒ **[by U.S. MAIL]** I enclosed the document(s) in a sealed envelope or package addressed to each of the above-listed persons at their respective above-listed address(es), and placed the envelope(s) or package(s) for collection and mailing following our office's ordinary business practice for collection and processing of correspondence for mailing.  Such practice is that, the same say correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid.

☒ **[by ELECTRONIC DELIVERY]** In addition to service as set forth above, I transmitted, *as a courtesy copy only*, a true and correct copy of the foregoing document(s) (or a reference to a Uniform Resource Locator that could be immediately used to download such document(s) via File Transfer Protocol) by email to the above-listed recipient(s), at their respective above-listed e-mail addresses.  I did not receive any failed delivery notification(s) relating to such emails.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 23, 2020 at Irvine, California.

| | | |
|---|---|---|
| Elizabeth R. Toller | By: | |
| Print Name | | Signature |

7

*Lanee' White, et al. v. FedEx Ground Package System, Inc., et al.*,
USDC East District Case # TBD

**NOTICE OF REMOVAL**

**EXHIBIT 3 (Documents served with Complaint)**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDEX GROUND PACKAGE SYSTEM, INC. a Delaware corporation;
and DOES 1 through 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LANEE' WHITE, an individual;

**FILED**

JUL -5 PM 4:51

**NATALIE BASHAW**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Joaquin County Superior Court

STK-CV-UOE-2020-41646

180 E Weber Ave. 2nd Floor
Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph M. Lovretovich, Jared Beilke, Ruth Gewing. 5855 Topanga Canyon Blvd. Suite. 300 Woodland Hills,
CA 91367, 818-610-8800

DATE: **JUN 0 5 2020**
*(Fecha)* **BRANDON E. RILEY**
Clerk, by **NATALIE BASHAW**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FEDEX GROUND PACKAGE SYSTEMS, INC., a DELAWARE CORPORATION

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

### Case Number: STK-CV-UOE-2020-0004646

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 12/07/2020<br>Department: 10A | Time: 8:45 AM |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE GEORGE J. ABDALLAH IN DEPARTMENT 10A FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

## [ x ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

   a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do. Disregard hearing date if that date has expired.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 06/08/2020                                    _____Natalie Bashaw_____,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph M. Lovretovich, Jared Beilke, Ruth Gewing (73403, 195698, 255876)
JML Law, APLC
5855 Topanga Canyon Blvd. Suite 300
Woodland Hills, CA 91367
TELEPHONE NO. (818) 610-8800     FAX NO.: (818) 610-3030
ATTORNEY FOR *(Name):* Plaintiff Lance White

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 180 E Weber Ave., 2nd Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA,95202
BRANCH NAME: Civil

FILED
~~~~~~~~~~~~~~~~
-5 PM 4: 51

NATALIE BASHAW

CASE NAME:
White v Fedex

STK-CV-UOE-2020-46046

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Six
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: April 24, 2020
Ruth Gewing

► [signature]

(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*Lanee' White, et al. v. FedEx Ground Package System, Inc., et al.*,
USDC East District Case # TBD

**NOTICE OF REMOVAL**

**EXHIBIT 4 (Form of Notice to State Court & Adverse Parties)**

1

2   Brandy T. Cody, State Bar No. 196923
    Email: bcody@fisherphillips.com
3   FISHER & PHILLIPS LLP
    111 SW Fifth Avenue, Suite 4040
4   Portland, OR 97204
    Telephone (503) 242-4262
5   Facsimile (503) 242-4263

6   CHRISTOPHER M. AHEARN, SBN 239089
    Email: cahearn@fisherphillips.com
7   FISHER & PHILLIPS LLP
    2050 Main Street, Suite 1000
8   Irvine, California 92614
    Telephone: (949) 851-2424
9   Facsimile: (949) 851-0152

10  Attorneys for Defendant
    FEDEX GROUND PACKAGE SYSTEM, INC

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                   FOR THE COUNTY OF SAN JOAQUIN

14

15  | LANEE' WHITE, an individual, | CASE NO.:  STK-CV-UOE-2020-4646 |
    |---|---|
16  | | *[Unlimited Jurisdiction]* |
    | Plaintiff, | |
17  | | *Assigned for all purposes to the* |
    | v. | *Honorable Hon. George J. Abdallah, Dept. 10A* |
18  | FEDEX GROUND PACKAGE SYSTEM, | DEFENDANT FEDEX GROUND PACKAGE |
    | INC., a Delaware corporation; and DOES 1 | SYSTEM, INC.'S NOTICE TO STATE COURT |
19  | through 50, inclusive; | AND ADVERSE PARTIES OF REMOVAL OF |
    | | ACTION TO U.S. DISTRICT COURT |
20  | Defendant. | |
21  | | Complaint Filed: 06/05/2020 |
    | | Trial Date:      TBD |
22

23

24

25

26

27

28

                                    1
─────────────────────────────────────────────────────────
EFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE TO STATE COURT AND ADVERSE
                PARTIES OF REMOVAL OF ACTION TO U.S. DISTRICT COURT
FP 38232195.1

Defendant FEDEX GROUND PACAGE SYSTEM, INC. (hereinafter, "Defendant"), pursuant to 28 U.S.C § 1446(d), hereby gives notice that on July 24, 2020, it filed a notice of removal of this action in U.S. District Court for the Eastern District of California.

A copy of such notice of removal, and accompanying papers, is attached hereto as Exhibit 1.

Such filing effects the removal of this action to such district court.

This Court now lacks jurisdiction over this action, and need take no further action unless this action is remanded by the U.S. District Court.


DATE:  July 24, 2020                      FISHER & PHILLIPS LLP


By:  _____
     BRANDY T. CODY
     CHRISTOPHER M. AHEARN
     Attorneys for Defendant
     FEDEX GROUND PACKAGE SYSTEM, INC.

1

# PROOF OF SERVICE
(Cal. Code Civ. Proc. §§ 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the below-listed date, I served ☐ *the original* ☒ *a true copy* of the foregoing document entitled DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF ACTION TO U.S. DISTRICT COURT on the person or persons listed below:

| | |
|---|---|
| JOSEPH M. LOVRETOVICH | Attorneys for Plaintiff |
| JARED BEILKE | LANEE' WHITE |
| 5 RUTH GEWING | |
| **JML LAW** | T:   (818) 610-8800 |
| 5855 Topanga Canyon Blvd., Suite 300 | F:   (818) 610-3030 |
| Woodland Hills, CA 91367 | E:   jml@jmllaw.com |
| | Jared@jmllaw.com |
| | ruth@jmllaw.com |

☒ **[by U.S. MAIL]** I enclosed the document(s) in a sealed envelope or package addressed to each of the above-listed persons at their respective above-listed address(es), and placed the envelope(s) or package(s) for collection and mailing following our office's ordinary business practice for collection and processing of correspondence for mailing.  Such practice is that, the same say correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid.

☐ **[by ELECTRONIC DELIVERY]** In addition to service as set forth above, I transmitted, *as a courtesy copy only*, a true and correct copy of the foregoing document(s) (or a reference to a Uniform Resource Locator that could be immediately used to download such document(s) via File Transfer Protocol) by email to the above-listed recipient(s), at their respective above-listed e-mail addresses.  I did not receive any failed delivery notification(s) relating to such emails.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 24, 2020 at Irvine, California.

Elizabeth R. Toller                                   By: _____
Print Name                                                                       Signature

1

PLEADING TITLE

FP 38232195.1